UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
MAUREEN DEMPSEY, *et al.*,                                   :
                                                             :   **ORDER GRANTING**
                                              Plaintiffs,    :   **DEFENDANTS' MOTION TO**
                -against-                                    :   **STRIKE**
                                                             :
                                                             :   24 Civ. 10004 (AKH)
VERIZON COMMUNICATIONS, INC., *et al.*,                      :
                                                             :
                                              Defendants.    :
------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

     I grant Defendants' unopposed motion to strike Exhibit A of Plaintiffs' Amended Complaint, ECF No. 55-1, without prejudice to Plaintiffs refiling it, if and when applicable and appropriate, at a later stage in this case.

     In this ERISA putative class action, Plaintiffs have sued Defendants for breaching their fiduciary duties by converting their federally-regulated pension benefits into annuity insurance contracts through pension risk transfers to two allegedly-"high risk" insurers, the Prudential Insurance Company of America ("PICA") and RGA Reinsurance Company ("RGA"). *See* ECF No. 55. Appended to Plaintiffs' Amended Complaint as "Exhibit A" is the declaration of Thomas D. Gober, a certified fraud examiner with experience investigating accounting fraud in the insurance industry. *See* ECF No. 55-1. Gober's declaration provides his analysis, culminating in his "professional opinion" that "both PICA and RGA are among the riskiest insurance companies in the [pension risk transfer] marketplace," since "[i]f PICA and RGA's affiliated reinsurers had to make good on their reinsurance payables, they would be unable to do so and pensioners would suffer the consequences." *Id.* at ¶ 69.

     Gober's declaration, which was drafted on April 24, 2025, after this action commenced, for purposes of this litigation, is not an appropriate exhibit to Plaintiffs' Amended Complaint,

since it relies on the Amended Complaint, and not vice versa. *See, e.g., Alix v. McKinsey & Co.*, 18 Civ. 4141 (JMF), 2023 U.S. Dist. LEXIS 145872, at *82-83 (S.D.N.Y. Aug. 18, 2023) (striking expert declaration, drafted for purposes of litigation, which was appended to the complaint); *Ong v. Chipotle Mexican Grill, Inc.*, 294 F. Supp. 3d 199, 223-24 (S.D.N.Y. 2018) (same). Nor may his declaration be considered by this Court at the motion to dismiss stage. *Smith v. Hogan*, 794 F.3d 249, 254-55 (2d Cir. 2015). However, while I will not consider citations to Gober's declaration in evaluating the sufficiency of the Amended Complaint as to Defendants' pending motion to dismiss, I decline to exercise my discretion to strike the paragraphs that rely on Gober's declaration from the Amended Complaint. *See Ong*, 294 F. Supp. 3d at 224.

The Clerk of Court shall strike ECF No. 55-1 from the docket, and shall close the open motion, ECF No. 67.

SO ORDERED.

Dated:     June 18, 2025
          New York, New York

ALVIN K. HELLERSTEIN
United States District Judge